UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENIUS BRANDS INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>-against-<br><br>BY KIDS FOR KIDS, CO. and NORMAN GOLDSTEIN,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Genius Brands International, Inc. ("Genius"), by its attorneys, Olshan Frome Wolosky LLP, for its Complaint against defendants By Kids For Kids, Co. and Norman Goldstein, alleges as follows:

## Nature of the Action

1.     This is an action for federal and common law trademark infringement, breach of contract, and replevin resulting from defendants' unauthorized and ongoing use of Plaintiff's federally registered trademark, breach of an agreement concerning the payment of fees resulting from the use of that mark, and unlawful retention of creative assets provided for under the agreement of which Plaintiff is the sole and exclusive owner. Plaintiff has demanded that defendants immediately cease and desist from any continued use of the mark, as well as for payment of all sums due and owing under the contract. Defendants have refused to comply with either request.

## Jurisdiction and Venue

2.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338. Plaintiff's claims are predicated upon the Lanham Act, 15 U.S.C.

§ 1051, and this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (3) because the parties have consented to this forum as the exclusive jurisdiction for resolution of the claims set forth below, pursuant to a Tolling Agreement dated September 1, 2017.

## The Parties

4.    Plaintiff Genius Brands International, Inc. ("Genius") is a Nevada corporation with its principal place of business at 131 S. Rodeo Drive, Suite 250, Beverly Hills, California 90212. It is a citizen of Nevada and California. Genius is the successor in interest to A Squared Entertainment LLC ("A Squared").

5.    Defendant By Kids For Kids, Co. ("BKFK"), is a Delaware corporation with its principal place of business at 1177 High Ridge Road, Stamford, Connecticut 06905. It is a citizen of Delaware and Connecticut.

6.    Defendant Norman Goldstein is the founder, CEO and principal shareholder of defendant BKFK. He has directed all of the acts by BKFK described below and profited through his ownership and control of BKFK. He resides in Westchester County, New York and is a citizen of New York.

## The Secret Millionaire's Club Show and Related Content

7.    Genius is a publicly traded global children's media company that creates and licenses animated multimedia entertainment content.

8.    Led by award-winning creators and producers, Genius distributes its content worldwide in all formats, as well as a broad range of consumer products based on its characters. In the children's media sector, Genius's portfolio features "content with a purpose" for toddlers to tweens, which provides enrichment as well as entertainment.

4347579-7

9.     In or about 2010, Genius created an animated cartoon series called "Warren Buffett's Secret Millionaires Club" (the "SMC Show"). The SMC Show featured an animated version of Mr. Buffett acting as a mentor to a group of entrepreneurial children whose adventures lead them to encounter financial and business problems to solve. The program teaches the basics of good financial decision making and some of the basic lessons of starting a business. Genius also created additional Secret Millionaires Club content, including contests, activity guides, information for parents and teachers, and online games (together with the SMC Show, the "SMC Content"). In this connection, Genius produced a significant number of creative assets to develop SMC Content (hereafter, the "Assets").

10.     The SMC Show had 26 online short webisodes and TV specials featured on the HUB cable network. The webisodes are the property of Genius and feature the SMC Mark and the Assets developed for SMC Content.

11.     In or around 2011, the SMC Show expanded into a sponsored educational program called "Learn & Earn." Learn & Earn featured in-school materials for teachers, at home activities for families, business concept contests, and afterschool activities for youth organizations. The winners and finalists of the first annual competition shared their business ideas with Mr. Buffett in Omaha.

12.     Genius, as the successor in interest to A Squared, owns and has made continuous use of the registered trademark "Secret Millionaires Club" (the "SMC Mark") since at least as early as 2010, which mark is featured in the SMC Show and other SMC Content. The SMC Mark appears on the Genius Brands website in various formats associated with the SMC Show and SMC Content, including:

3



Warren Buffett's
Secret
Millionaires
Club

Learn & Earn

13. The SMC Mark is registered with the U.S. Patent and Trademark Office, which

registration is valid and subsisting and in full force and effect:

| Trademark | US Reg. No. | Date of First Use | Reg. Date | Class and Goods/Services |
|---|---|---|---|---|
| SECRET MILLIONAIRES CLUB | 4400430 | May 1, 2010 | November 26, 2013 | 009 - Pre-recorded video cassettes and DVD's featuring entertainment for children; computer game programs; video game cartridges; video game tape cassettes; video game discs; video game CD-Roms; video game DVD-Roms; video game software; computer game programs downloadable from the Internet  041 - Entertainment services, namely, providing a series of motion pictures, television programs and online internet episodes in the field of entertainment for children; providing online interactive computer games that may be |

| | | | | accessed by means of a global computer network; providing online information in the field of entertainment for children |
| --- | --- | --- | --- | --- |
| | | | | |

14.     The SMC Mark is used on and in connection with Genius products, marketing, advertising, media, and development, including the SMC Show and other SMC Content.

15.     Since its inception and continuing to the present, Genius has promoted and advertised the SMC Show and other SMC Content using the SMC Mark and the Assets. SMC Content is well-known in the field of children's entertainment and development.

**Defendants' Breach of Contract and Infringing Activities**

16.     In or around August of 2010, Genius (through its predecessor in interest, A Squared) entered into an agreement with BKFK to create a strategic brand marketing partnership (the "Contract"). The Contract created a "strategic brand marketing partnership" between the parties and allowed BKFK "to develop, secure funding for and implement a robust educational in-school and at home program" featuring the SMC Show, Learn and Earn, and other SMC Content.

17.     BKFK had various obligations under the Contract, including securing sponsors for programs related to the SMC Show and SMC Content, which sponsors were to be approved by Genius.

18.     The Contract further provided that A Squared would loan the Assets to BKFK, including the SMC Mark. The parties agreed that BKFK would, as part of its contractual obligations to "develop and implement all aspects of the [Secret Millionaire's Club] program" use the Assets to create a website dedicated to the Secret Millionaire's Club, which website would showcase the SMC Show, Learn and Earn, SMC Content, SMC Mark, and other related activities.

4347579-7

19.     With the Assets provided pursuant to the Contract, BKFK did in fact proceed with creating the contemplated website: www.smckids.com (the "Website"). At present, BKFK continues to operate the Website and maintains possession of the content featured on the Website.

20.     The Contract further provided that in exchange for Genius licensing its Assets to BKFK, including the SMC Mark, BKFK agreed to pay Genius 10 percent of all "gross sponsorship fee(s) received," with any such payment due no later than the last day of the term of the Contract.

21.     Soon after execution of the Contract in or about August of 2011, BKFK began to feature SMC Content, including the SMC Mark, on the Website, its own company website, and in advertising and promotional materials. The BKFK website features an entire webpage dedicated to the Secret Millionaires Club—bkfkeducation.com/secret-millionaires-club—including a direct hyperlink to the Secret Millionaire's Club website owned and operated by Genius, www.smckids.com. A copy of BKFK's website featuring the SMC Mark is attached hereto as Exhibit A.

22.     As a result of Genius's licensed content, BKFK had by this time received at least $2 million in fees and owed Genius at least $200,000.

23.     The original term of the Contract expired on December 31, 2011. In or around April of 2011, Genius and BKFK agreed extend the original term of the Contract (the "Extension") for a period that would coincide with a sponsorship agreement between BKFK and Experian Consumer Direct, Inc. related to SMC Content, which term would not be in excess of the later of three additional years from the date of the Extension, or December 31, 2014.

24.     At the time the parties entered into the Extension, BKFK had not yet made any payments to Genius related to the sponsorship fees BKFK received through its development of the

6

SMC under the Contract. BKFK represented, however, that it intended to comply with its payment

obligations would make all outstanding payments owed to Genius.

25.     Upon information and belief, in addition to the sponsorship agreement between

BKFK and Experian Consumer Direct, Inc., BKFK has secured additional sponsorships that

require payment under the Contract, but has not disclosed the existence or terms of those

sponsorships to Genius. Nor has it paid any fees to Genius.

26.     Notwithstanding the clear terms of the Contract, and BKFK's representations at the

time of the Extension that it intended to comply with its payment obligations, BKFK has not made

any payment to Genius for BKFK's use of the SMC Mark and related intellectual property.

27.     Defendants continue to feature the SMC Mark and hyperlink to the Website on its

own website and, upon information and belief, in other marketing and advertising materials.

28.     Defendants also continue to operate and maintain the Website featuring the Assets,

even though it has no rights to the Assets and has been in breach of the agreement for years.

29.     Genius has demanded payment from defendants pursuant to the terms of the

Contract on multiple occasions. Genius additionally demanded that defendants immediately cease

and desist from continuing to exploit the SMC Content, including the SMC Mark. Genius has

continued to make repeated demands for the same relief, to no avail.

30.     Despite Genius's demands and the terms of the Contract, defendants have refused

to pay Genius 10 percent of any gross sponsorship fees received, including but not limited to fees

received from the Experian Sponsorship, and further refused to cease and desist from its

unauthorized and continued exploitation of the SMC Content, including the SMC Mark, on its

website.

4347579-7

31.     Defendants continue to use the SMC Mark without Genius's authorization to advertise, promote and/or offer BKFK's services.

32.     Defendants' unauthorized use of the SMC Mark is willful and intentional.

33.     By reason of defendants' conduct, Genius has been and continues to be harmed by their actions. Upon information and belief, defendants have profited or will profit by its wrongful conduct and activities.

34.     Defendants' continued maintenance and administration of the Website, which content is limited exclusively to the Assets, is an unlawful use of Genius's property. Genius is entitled to immediate possession of the Assets and all derivative works created from the Assets.

## FIRST CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1)(A))

35.     Genius repeats and realleges each and every allegation set forth in paragraphs 1 through 33 above as if fully set forth herein.

36.     The use of the SMC Mark by BKFK and Goldstein, without Genius's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the affiliation, connection, or association with, or approval or sponsorship of, BKFK and its businesses.

37.     Genius has no adequate remedy at law.

38.     Defendants' acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up by Genius.

39.      As a direct and proximate result of defendants' conduct, Genius has suffered irreparable harm to the valuable SMC Mark. Unless defendants are restrained from further infringement of the SMC Mark, Genius will continue to be irreparably harmed.

4347579-7

40.     Defendants' conduct jeopardizes the goodwill symbolized by the SMC Mark and SMC Content, has injured Genius in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Genius, for which Genius has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP
## AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a))

41.     Genius repeats and realleges each and every allegation set forth in paragraphs 1 through 33 above as if fully set forth herein.

42.     Defendants' adoption and use of the SMC Mark on and in connection with BKFK website, other marketing and promotional materials, and the Website, without Genius's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, connection, association, or sponsorship of the goods distributed, sold and offered for sale by BKFK bearing the SMC Mark, or designs that are confusingly similar thereto.

43.     Defendants' acts constitute false designations of origin and/or sponsorship of BKFK's goods and services and unfair competition in violation of § 1125(a).

44.     Defendants' acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up by Genius.

45.     As a direct and proximate result of defendants' conduct, Genius has suffered irreparable harm to the valuable SMC Mark. Unless BKFK is restrained from further infringement of the SMC Mark, Genius will continue to be irreparably harmed.

9

46.     Defendants' conduct jeopardizes the goodwill symbolized by the SMC Mark and SMC Content, has injured Genius in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Genius, for which Genius has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK INFRINGEMENT)

47.     Genius repeats and realleges each and every allegation set forth in paragraphs 1 through 33 as if fully set forth herein.

48.     Defendants, with knowledge of and with intentional disregard of Genius's rights, continues to advertise and promote goods and services using the SMC Mark.

49.     BKFK's acts constitute willful infringement of Genius's exclusive rights in the SMC Mark, in violation of the common law.

50.     As a direct and proximate result of defendants' conduct, Genius has suffered irreparable harm to the valuable SMC Mark. Unless defendants are restrained from further infringement of the SMC Mark, Genius will continue to be irreparably harmed.

51.     Defendants' misconduct has injured Genius in an amount to be determined at trial and has caused, and if not restrained by this Court, will continue to cause, Genius serious and irreparable injury for which Genius has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

52.     Genius repeats and realleges each and every allegation set forth in paragraphs 1 through 33 as if fully set forth herein.

53.     The Contract is a valid agreement between Genius, as predecessor in interest to A Squared, and BKFK.

54.     The Contract provides that BKFK must pay Genius 10 percent of all gross sponsorship fee(s) received related to programs developed using the SMC Content.

4347579-7

55.    To date, Genius has not received any payment of any sum owed to it by BKFK.

56.    BKFK has breached its obligation under the Contract by, *inter alia*, failing to pay Genius 10 percent of all gross sponsorship fees it received related to the SMC Content.

57.    Genius has performed all of its obligations under the Contract.

58.    As a direct result of BKFK's breach of Contract, Genius has been damaged in an amount to be determined at trial, but in no event less than $425,000.

## FIFTH CLAIM FOR RELIEF
## (REPLEVIN)

59.    Genius repeats and realleges each and every allegation set forth in paragraphs 1 through 33 as if fully set forth herein.

60.    In or about August of 2011, Genius and BKFK entered into the Contract under which Genius agreed to temporarily supply the Assets owned by Genius to BKFK in consideration of 10 percent of all gross sponsorship fee(s) BKFK received pursuant to the Contract.

61.    Genius has a general property interest in the Assets, and has remained the sole owner of the Assets at all relevant times.

62.    Genius is entitled to immediate possession of the Assets, including but not limited to all creative assets provided to it under the Contract, and any derivative content and/or assets that BKFK has used on the Website, including but not limited to all Content Management System ("CMS") and CMS template files, source files, deployment files, image source files, EPS/Illustrator files, HTML files and all files related, in any way, to the Website architecture and Website analytics.

## SIXTH CLAIM FOR RELIEF
## (CONVERSION)

63.    Genius repeats and realleges each and every allegation set forth in paragraphs 1 through 33 as if fully set forth herein.

11

64. By virtue of the foregoing, defendants have exercised unlawful dominion and control over the property of plaintiff. As a direct, proximate and foreseeable result of defendants' tortious conduct, plaintiff has suffered damages in an amount to be determined at trial, but estimated to exceed $500,000.

**WHEREFORE**, Genius prays that the Court award the following relief, as follows:

1. On the First, Second and Third Causes of Action, for an injunction against BKFK, and its affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, and all persons, firms and/or corporations in privity, under its control and/or in active concert or participation with BKFK temporarily, preliminarily and permanently enjoining and restraining BKFK from:

   a. Imitating, copying, or making unauthorized use of the SMC Mark in any way whatsoever, including but not limited to displaying or otherwise featuring the mark on the BKFK website, www.bkfkeducation.com, or in any promotional or advertising materials created by or for BKFK;

   b. Continuing to operate, maintain or otherwise administer the Website;

   c. Causing actual confusion, a likelihood of confusion, injury to Genius's goodwill, reputation and/or business success;

   d. Unfairly competing with Genius in any manner whatsoever; and

   e. Ordering that BKFK file with this Court and serve upon Genius within thirty (30) days following this Court's entry of any injunction in this action, a written report, under oath, setting forth in detail the manner and form in which BKFK has complied with such injunction.

12

2.     On the First and Second Causes of Action, for an award of damages in an amount to be determined at trial, which damages shall be trebled, or, alternatively, an award of defendants' wrongful profits trebled, whichever is greater, plus Genius's costs and attorneys' fees, pursuant to 15 U.S.C. § 1117;

3.     On the Third and Sixth Causes of Action, for damages in an amount to be determined at trial;

4.     On the Fourth Cause of Action, for damages to be determined at trial but exceeding $425,000;

5.     On the Fifth Cause of Action, for an order directing defendants to immediately return all creative assets provided to it under the Contract, and any derivative content and/or assets that BKFK has used on the Website, including but not limited to all Content Management System ("CMS") and CMS template files, source files, deployment files, image source files, EPS/Illustrator files, HTML files and all files related, in any way, to the Website architecture and Website analytics, as well as the identity of any third parties administering the Website apart from BKFK; and

6.     On all Causes of Action, for Genius's costs and disbursements incurred in this action, including Genius's reasonable attorneys' fees;

7.     An award of interest, including pre-judgment on the foregoing damages; and

8.     An award to Genius of such other and further relief as the Court deems just and proper.

13

Dated: New York, New York
December 3, 2018

OLSHAN FROME WOLOSKY LLP

By: _____

Thomas J. Fleming
*Attorneys for Plaintiff*
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
tfleming@olshanlaw.com

14