**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GENIUS BRANDS INTERNATIONAL, INC. and A SQUARED ENTERTAINMENT, LLC, | Civil Action No. |
| Plaintiffs, | **AMENDED COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| BY KIDS FOR KIDS, CO. and NORMAN GOLDSTEIN, | |
| Defendants. | |

Plaintiffs Genius Brands International, Inc. ("Genius") and A Squared Entertainment, LLC ("A Squared"), by their attorneys, Olshan Frome Wolosky LLP, for their Amended Complaint against defendants By Kids For Kids, Co. and Norman Goldstein, allege as follows:

**Nature of the Action**

1.     This is an action for federal copyright infringement, federal and common law trademark infringement, federal false designation of origin or sponsorship and unfair competition, breach of contract, conversion and replevin resulting from defendants' unauthorized and ongoing use of Plaintiffs' federally registered trademark and copyrights, breach of an agreement concerning the payment of fees resulting from the use of that mark and copyrights, and unlawful retention of creative assets. Plaintiffs have demanded that defendants immediately cease and desist from any continued use of the mark and copyrights, as well as for payment of all sums due and owing under the contract. Defendants have refused to comply with either request.

**Jurisdiction and Venue**

2.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338. Plaintiffs' claims are predicated upon the copyright laws of the

United States, 17 U.S.C. § 101, et seq., as amended (the "Copyright Act"), the Lanham Act, 15 U.S.C. § 1051, et seq., as amended (the "Lanham Act"), and substantial and related claims, and this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (3) because the parties have consented to this forum as the exclusive jurisdiction for resolution of the claims set forth below, pursuant to a Tolling Agreement dated September 1, 2017.

**The Parties**

4.      Plaintiff Genius Brands International, Inc. ("Genius") is a Nevada corporation with its principal place of business at 8383 Wilshire Boulevard, Suite 412, Beverly Hills, California 90211. It is a citizen of Nevada and California. Genius is the parent company of A Squared.

5.      Plaintiff A Squared Entertainment, LLC ("A Squared") is a Delaware limited liability company with its principal place of business at 8383 Wilshire Boulevard, Suite 412, Beverly Hills, California 90211. It is a citizen of Nevada and California. A Squared is a wholly owned subsidiary of Genius.

6.      Defendant By Kids For Kids, Co. ("BKFK"), is a Delaware corporation with its principal place of business at 1177 High Ridge Road, Stamford, Connecticut 06905. It is a citizen of Delaware and Connecticut.

7.      Defendant Norman Goldstein ("Goldstein") is the founder, CEO, President and principal shareholder of defendant BKFK. He is the moving, active, dominating and controlling force behind BKFK's infringing and other wrongful activities, and personally directed and participated in the acts described herein (hereinafter Goldstein and BKFK are collectively referred to as "Defendants"). Goldstein has profited from the infringing activities described herein through

his ownership and control of BKFK. He resides in Westchester County, New York and is a citizen of New York.

## The Secret Millionaire's Club Show and Related Content

8.      Genius is a publicly traded global children's media company that creates and licenses animated multimedia entertainment content.

9.       Led by award-winning creators and producers, Genius distributes its content worldwide in all formats, as well as a broad range of consumer products based on its characters. In the children's media sector, Genius's portfolio features "content with a purpose" for toddlers to tweens, which provides enrichment as well as entertainment.

10.      In or about 2010, A Squared created an animated cartoon series called "Warren Buffett's Secret Millionaires Club" (the "SMC Show"). The SMC Show featured an animated version of Mr. Buffett acting as a mentor to a group of entrepreneurial children whose adventures lead them to encounter financial and business problems to solve. The program teaches the basics of good financial decision making and some of the basic lessons of starting a business. A Squared also created additional Secret Millionaires Club content, including, but not limited to, contests, activity guides, comic books, information for parents and teachers, and online games (together with the SMC Show, the "SMC Content"). In connection with this, A Squared produced a significant number of creative assets to develop SMC Content (hereafter, the "Assets").

11.      The SMC Show had 26 online short webisodes and TV specials featured on the HUB cable network. The webisodes are the property of Plaintiffs and feature the Secret Millionaire's Club trademark and the Assets developed for SMC Content.

12.      In or around 2011, the SMC Show expanded into a sponsored educational program called "Learn & Earn." Learn & Earn featured in-school materials for teachers, at home activities for families, business concept contests, and afterschool activities for youth organizations. The

winners and finalists of the first annual competition shared their business ideas with Mr. Buffett in Omaha.

**The SMC Show Copyrights**

13.     To further protect the SMC Content and the Assets, numerous copyright applications were filed by A Squared for the SMC Show. Plaintiffs now own, among others, the following valid and subsisting copyrights in the SMC Show (collectively the "SMC Show Copyrights"):

| Title of Copyright Registration | Copyright Registration Number | Date Registered |
|---|---|---|
| Secret Millionaire's Club : 1, Lemons to Lemonade. | PA0001712094 | 2010-12-09 |
| Secret Millionaire's Club : 2, Car Wash Caper. | PA0001712089 | 2010-12-11 |
| Secret Millionaire's Club : 3, Walkin' the Dog. | PA0001712091 | 2010-12-11 |
| Secret Millionaire's Club : 4, Lawn & Order. | PA0001712090 | 2010-12-11 |
| Secret Millionaire's Club : 5, What's So Funny. | PA0001712093 | 2010-12-11 |
| Secret Millionaire's Club : 6, House of Cards. | PA0001712088 | 2010-12-12 |
| Secret Millionaire's Club : 7, Debt of a Salesman. | PA0001712082 | 2010-12-12 |
| Secret Millionaire's Club : 8, The Big Trade-Off. | PA0001712076 | 2010-12-12 |
| Secret Millionaire's Club : 9, The Trouble with Credit Cards. | PA0001712077 | 2010-12-12 |
| Secret Millionaire's Club : 10, Gotta Dance! | PA0001712083 | 2010-12-12 |
| Secret Millionaire's Club : 11, It Takes Two. | PA0001712085 | 2010-12-12 |
| Secret Millionaire's Club : 12, Special Delivery. | PA0001712084 | 2010-12-12 |
| Secret Millionaire's Club : 13, Learn, Baby, Learn. | PA0001712087 | 2010-12-13 |
| Secret Millionaire's Club : 14, Sorry I Can't Hair You! | PA0001712080 | 2010-12-13 |
| Secret Millionaire's Club : 15, The High Cost of High Demand. | PA0001712079 | 2010-12-13 |

4

| Title of Copyright Registration | Copyright Registration Number | Date Registered |
|---|---|---|
| Secret Millionaire's Club : 16, Why Pay More? | PA0001712078 | 2010-12-13 |
| Secret Millionaire's Club : 17, Tough Cookies! | PA0001712081 | 2010-12-13 |
| Secret Millionaire's Club : 18, All Fall Up! | PA0001712086 | 2010-12-12 |
| Secret Millionaire's Club : 19, Are You Experienced? | PA0001716508 | 2011-01-12 |
| Secret Millionaire's Club : 20, Don't Just Say No. | PA0001716510 | 2011-01-12 |
| Secret Millionaire's Club : 21, Design for Success. | PA0001716511 | 2011-01-12 |
| Secret Millionaire's Club : 22, Too Good to be True. | PA0001716513 | 2011-01-12 |
| Secret Millionaire's Club : 23, Domino Effect. | PA0001716516 | 2011-01-12 |
| Secret Millionaire's Club : 24, Mental for Rental. | PA0001717906 | 2011-01-29 |
| Secret Millionaire's Club : 25, The Real Skinny. | PA0001717905 | 2011-01-29 |
| Secret Millionaire's Club : 26, Cancel My Reputation. | PA0001717903 | 2011-01-29 |

True and correct copies of the registration certificates for the SMC Show Copyrights are attached hereto as Exhibit A.

14.     The content in the SMC Shows protected under the SMC Show Copyrights are original and distinctive.

15.     The SMC Shows protected under the SMC Show Copyrights are popular in the United States and accessible to the public.

**The Secret Millionaires Club Trademark**

16.     A Squared also filed a trademark application for the trademark "Secret Millionaires Club" in July 2009. Plaintiffs own and through themselves, their predecessors and/or licensees, have made continuous use of the registered trademark "Secret Millionaires Club" (the "SMC Mark") since at least as early as 2010, which mark is featured in the SMC Show and other SMC

Content. The SMC Mark appears on the Genius Brands website in various formats associated with the SMC Show and SMC Content, including, but not limited to:



17.     The SMC Mark is registered with the U.S. Patent and Trademark Office, which registration is valid and subsisting and in full force and effect:

| Trademark | US Reg. No. | Date of First Use | Reg. Date | Class and Goods/Services |
|---|---|---|---|---|
| SECRET MILLIONAIRES CLUB | 4440430 | May 1, 2010 in Class 41<br><br>March 19, 2013 in Class 9 | November 26, 2013 | 009 - Pre-recorded video cassettes and DVD's featuring entertainment for children; computer game programs; video game cartridges; video game tape cassettes; video game discs; video game CD-Roms; video game DVD-Roms; video game software; computer game programs downloadable from the Internet<br><br>041 - Entertainment services, namely, providing a series of motion pictures, television programs and online internet episodes in the field of entertainment for children; providing online interactive computer games that may be accessed by means of a |

6

| | | | | global computer network; providing online information in the field of entertainment for children |
|---|---|---|---|---|

18.     The SMC Mark is used on and in connection with Plaintiffs' products and services, marketing, advertising, media, and development, including the SMC Show and other SMC Content.

19.     Since its inception and continuing to the present, Plaintiffs, their predecessors and/or licensees, have promoted and advertised the SMC Show and other SMC Content using the SMC Mark and the Assets. SMC Content is well-known in the field of children's entertainment and development.

## **Defendants' Wrongful Acts**

20.     In or around August of 2010, Genius (through its predecessor in interest, A Squared) entered into an agreement with BKFK to create a strategic brand marketing partnership (the "Contract"). The Contract created a "strategic brand marketing partnership" between the parties and allowed BKFK "to develop, secure funding for and implement a robust educational in-school and at home program" featuring the SMC Show, Learn and Earn, and other SMC Content. Goldstein signed the Contract on behalf of BKFK.

21.     BKFK had various obligations under the Contract, including securing sponsors for programs related to the SMC Show and SMC Content, which sponsors were to be approved by Plaintiffs.

22.     The Contract further provided that Plaintiffs would loan the Assets to BKFK, including, but not limited to, the SMC Mark and the SMC Show Copyrights. The parties agreed that BKFK would, as part of its contractual obligations to "develop and implement all aspects of the [Secret Millionaire's Club] program" use the Assets to create a website dedicated to the Secret

Millionaire's Club, which website would showcase the SMC Show, Learn and Earn, SMC Content, SMC Mark, and other related activities, all subject to approval from Plaintiffs.

23.     With the Assets provided pursuant to the Contract, BKFK did in fact proceed with creating the contemplated website: www.smckids.com (the "Website"). At present, Defendants continue to operate the Website and maintain possession of the content featured on the Website.

24.     The Contract further provided that in exchange for Plaintiffs licensing its Assets to BKFK, including the SMC Mark and the SMC Show Copyrights, BKFK agreed to pay 10 percent of all "gross sponsorship fee(s) received," with any such payment due no later than the last day of the term of the Contract.

25.     Soon after execution of the Contract in or about August of 2011, Defendants began to feature SMC Content, including the SMC Mark and the SMC Show Copyrights, on the Website, the BKFK company website, and in advertising and promotional materials. The BKFK website features an entire webpage dedicated to the Secret Millionaires Club—bkfkeducation.com/secret-millionaires-club—including a direct hyperlink to the Secret Millionaire's Club website currently operated by Defendants, www.smckids.com. A copy of BKFK's website featuring the SMC Mark is attached hereto as Exhibit B.

26.     As a result of Plaintiffs' licensed content, BKFK had by this time received at least $2 million in fees and owed at least $200,000.

27.     The original term of the Contract expired on December 31, 2011. In or around April of 2011, A Squared and BKFK agreed extend the original term of the Contract (the "Extension") for a period that would coincide with a sponsorship agreement between BKFK and Experian Consumer Direct, Inc. related to SMC Content, which term would not be in excess of the later of three additional years from the date of the Extension, or December 31, 2014.

28.     Upon information and belief, the Experian Consumer Direct, Inc. sponsorship was continued through 2015. Attached hereto as Exhibit C is a true and correct copy of a screenshot from the BKFK website advertising that the Secret Millionaires Club Learn & Earn program with Experian was on target to continue through 2015.

29.     At the time the parties entered into the Extension, BKFK had not yet made any payments related to the sponsorship fees BKFK received through its development of the SMC under the Contract. BKFK and Goldstein represented, however, that BKFK intended to comply with its payment obligations and it would make all outstanding payments owed.

30.     In or around November 2013, A Squared became the wholly owned subsidiary of Genius. As a result, the rights to the Contract were assigned from A Squared to Genius.

31.     Upon information and belief, in addition to the sponsorship agreement between BKFK and Experian Consumer Direct, Inc., BKFK has secured additional sponsorships that require payment under the Contract, but has not disclosed the existence or terms of those sponsorships to Plaintiffs. Nor has it paid any fees to Plaintiffs.

32.     Notwithstanding the clear terms of the Contract, and BKFK's representations at the time of the Extension that it intended to comply with its payment obligations, BKFK has not made any payment to Plaintiffs for BKFK's use of the SMC Mark, SMC Show Copyrights and related intellectual property.

33.     Upon information and belief, after the expiration of the Contract, Goldstein personally secured and/or attempted to secure additional sponsorships for BKFK, even though BKFK no longer had the right to use the Assets, the SMC Mark, the SMC Show Copyrights and/or the related intellectual property.

34.     Defendants continue to feature the SMC Mark and hyperlink to the Website on the BKFK website and, upon information and belief, in other marketing and advertising materials.

35.     Upon information and belief, Goldstein directly participated in the decision to continue to feature the SMC Mark and hyperlink to the Website on the BKFK website and in other marketing and advertising materials after the expiration of the Contract and after demands by A Squared and/or Genius to cease and desist from such activities.

36.     Defendants also continue to operate and maintain the Website featuring the Assets, even though they have no rights to the Assets and BKFK has been in breach of the agreement for years. Attached hereto as Exhibit D are screenshots showing Defendants current continued use of the SMC Mark and the SMC Show Copyrights on the Website and below is a table detailing the SMC Show Copyrights and the current unauthorized use of those copyrights by Defendants on the Website that they continue to administer without authorization:

| SMC Show Copyrights | Use By Defendants |
|---|---|
| Secret Millionaire's Club : 1, Lemons to Lemonade.<br><br>Copyright Reg. No. PA0001712094 | Webisode 1: Lemons To Lemonade<br> |
| Secret Millionaire's Club : 2, Car Wash Caper.<br><br>Copyright Reg. No. PA0001712089 | Webisode 2: Car Wash Capers<br> |
| Secret Millionaire's Club: 3, Walkin' the Dog.<br><br>Copyright Reg. No. PA0001712091 | Webisode 3: Walkin' the Dog<br> |

10

| SMC Show Copyrights | Use By Defendants |
|---|---|
| Secret Millionaire's Club : 4, Lawn & Order.<br><br>Copyright Reg. No. PA0001712090 | Webisode 4: Lawn & Order<br> |
| Secret Millionaire's Club : 5, What's So Funny.<br><br>Copyright Reg. No. PA0001712093 | Webisode 5: PC's and Understanding<br> |
| Secret Millionaire's Club : 6, House of Cards.<br><br>Copyright Reg. No. PA0001712088 | Webisode 6: House of Cards<br> |
| Secret Millionaire's Club : 7, Debt of a Salesman.<br><br>Copyright Reg. No. PA0001712082 | Webisode 7: Debt of a Salesman<br> |
| Secret Millionaire's Club : 8, The Big Trade-Off.<br><br>Copyright Reg. No. PA0001712076 | Webisode 8: The Big Trade-Off<br> |
| Secret Millionaire's Club : 9, The Trouble with Credit Cards.<br><br>Copyright Reg. No. PA0001712077 | Webisode 9: The Trouble with Credit<br><br>Cards |

4995031-4

| SMC Show Copyrights | Use By Defendants |
|---|---|
| Secret Millionaire's Club : 10, Gotta Dance!<br><br>Copyright Reg. No. PA0001712083 | Webisode 10: Gotta Dance<br> |
| Secret Millionaire's Club : 11, It Takes Two.<br><br>Copyright Reg. No. PA0001712085 | Webisode 11: It Takes Two<br> |
| Secret Millionaire's Club : 12, Special Delivery.<br><br>Copyright Reg. No. PA0001712084 | Webisode 12: Special Delivery<br> |
| Secret Millionaire's Club : 13, Learn, Baby, Learn.<br><br>Copyright Reg. No. PA0001712087 | Webisode 13: Learn, Baby, Learn<br> |
| Secret Millionaire's Club : 14, Sorry I Can't Hair You!<br><br>Copyright Reg. No. PA0001712080 | Webisode 14: Sorry I Can't Hair You<br> |
| Secret Millionaire's Club : 15, The High Cost of High Demand.<br><br>Copyright Reg. No. PA0001712079 | Webisode 15: The High Cost of High Demand<br> |

| SMC Show Copyrights | Use By Defendants |
|---|---|
| Secret Millionaire's Club : 16, Why Pay More?<br><br>Copyright Reg. No. PA0001712078 | Webisode 16: Why Pay More<br> |
| Secret Millionaire's Club : 17, Tough Cookies!<br><br>Copyright Reg. No. PA0001712081 | Webisode 17: Tough Cookies<br> |
| Secret Millionaire's Club : 18, All Fall Up!<br><br>Copyright Reg. No. PA0001712086 | Webisode 18: All Fall Up<br> |
| Secret Millionaire's Club : 19, Are You Experienced?<br><br>Copyright Reg. No. PA0001716508 | Webisode 19: Are You Experienced?<br> |
| Secret Millionaire's Club : 20, Don't Just Say No.<br><br>Copyright Reg. No. PA0001716510 | Webisode 20: Don't Just Say No<br> |
| Secret Millionaire's Club : 21, Design for Success.<br><br>Copyright Reg. No. PA0001716511 | Webisode 21: Design for Success<br> |

| SMC Show Copyrights | Use By Defendants |
|---|---|
| Secret Millionaire's Club : 22, Too Good to be True.<br><br>Copyright Reg. No. PA0001716513 | Webisode 22: Too Good to be True<br> |
| Secret Millionaire's Club : 23, Domino Effect.<br><br>Copyright Reg. No. PA0001716516 | Webisode 23: Domino Effect<br> |
| Secret Millionaire's Club : 24, Mental for Rental.<br><br>Copyright Reg. No. PA0001717906 | Webisode 24: Going Mental for Rental<br> |
| Secret Millionaire's Club : 25, The Real Skinny.<br><br>Copyright Reg. No. PA0001717905 | Webisode 25: The Real Skinny<br> |
| Secret Millionaire's Club : 26, Cancel My Reputation.<br><br>Copyright Reg. No. PA0001717903 | Webisode 26: Cancel My Reputation<br> |

37.     Upon information and belief, Goldstein directly participated and/or was responsible for the decision to continue to feature the Assets, including the SMC Mark and SMC Show Copyrights, on the Website after the expiration of the Contract and after demands by Plaintiffs to cease and desist from such activities.

14

38.     Upon information and belief, Goldstein is the moving, active, dominating and controlling force behind BKFK's infringing and other wrongful activities, and personally directed and participated in the acts described herein. In fact, the BKFK website says that "[a]t BKFK, Norm [Goldstein] isn't the wizard behind the screen – he's the pulse of each project from inception to culmination." Plaintiffs' primary point of contact at BKFK prior to, during and after the expiration of the Contract was Goldstein.

39.     Plaintiffs have demanded payment from BKFK pursuant to the terms of the Contract on multiple occasions. Plaintiffs additionally demanded that Defendants immediately cease and desist from continuing to exploit the SMC Content, including the SMC Mark and the SMC Show Copyrights. Plaintiffs have continued to make repeated demands for the same relief, to no avail.

40.     Despite Plaintiffs' demands and the terms of the Contract, BKFK has refused to pay Plaintiffs 10 percent of any gross sponsorship fees received, including but not limited to fees received from the Experian Sponsorship, and Defendants have further refused to cease and desist from their unauthorized and continued exploitation of the SMC Content, including the SMC Mark and SMC Show Copyrights.

41.     Defendants continue to use the SMC Mark and the SMC Show Copyrights without authorization to advertise, promote and/or offer BKFK's services.

42.     Defendants' unauthorized use of the SMC Mark and SMC Show Copyrights is willful and intentional.

43.     Goldstein directly caused and continues to cause BKFK to infringe on Plaintiffs' rights after the expiration of the Contract and personally participated and continues to participate

in the acts complained of herein, despite knowing that such continued use of the SMC Mark and the SMC Show Copyrights constitutes willful trademark and copyright infringement.

44.    By reason of Defendants' conduct, Plaintiffs have been and continue to be harmed by their actions. Upon information and belief, BKFK and Goldstein have profited or will profit by their wrongful conduct and activities.

45.    Defendants' continued maintenance and administration of the Website, which content is limited exclusively to the Assets, is an unlawful use of Plaintiffs' property. Plaintiffs are entitled to immediate possession of the Assets, and all rights in and to any derivative works created therefrom.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1)(A))**
**(AGAINST BOTH DEFENDANTS)**

46.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

47.    The use of the SMC Mark by BKFK and Goldstein after the expiration of the Contract, without Plaintiffs' consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the affiliation, connection, or association with, or approval or sponsorship of, Defendants and their businesses.

48.    Plaintiffs have no adequate remedy at law.

49.    Defendants' acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up by Plaintiffs.

50.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable SMC Mark. Unless Defendants are restrained from further infringement of the SMC Mark, Plaintiffs will continue to be irreparably harmed.

4995031-4

51.     Defendants' conduct jeopardizes the goodwill symbolized by the SMC Mark, has injured Plaintiffs in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP**
**AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a))**
**(AGAINST BOTH DEFENDANTS)**

52.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 45 and paragraphs 46-51 above as if fully set forth herein.

53.     Defendants' continued use of the SMC Mark on and in connection with BKFK website, other marketing and promotional materials, and the Website after the expiration of the Contract, without Plaintiffs' consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, connection, association, or sponsorship of the goods and services advertised, promoted, distributed, circulated, sold and/or offered for sale by Defendants.

54.     Defendants' acts constitute false designations of origin and/or sponsorship of Defendants' goods and services and unfair competition in violation of 15 U.S.C. § 1125(a).

55.     Defendants' acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up by Plaintiffs, or otherwise injuring Plaintiffs.

56.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable SMC Mark. Unless Defendants are restrained from further infringement of the SMC Mark, Plaintiffs will continue to be irreparably harmed.

57.     Defendants' conduct jeopardizes the goodwill symbolized by the SMC Mark, has injured Plaintiffs in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 et seq.)**
**(AGAINST BOTH DEFENDANTS)**

58.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 45 as if fully set forth herein.

59.     Plaintiffs own all right, title, and interest in and to the SMC Show Copyrights.

60.     The SMC Show Copyrights contain original material and copyrightable subject matter under the copyright laws of the United States.

61.     Defendants had access to the materials protected by the SMC Show Copyrights by virtue of the Contract and after the expiration of the Contract refused to cease the use of the SMC Show Copyrights.

62.     Defendants, with access to the materials protected by the SMC Show Copyrights, and without authorization, continued the maintenance and administration of the Website, which content is limited exclusively to the Assets, after the expiration of the Contract and continue to do so today without authorization.

63.     Defendants continue to use the SMC Show Copyrights without Plaintiffs' authorization to advertise, promote and/or offer BKFK's services today.

64.     Defendants have received notification that they have infringed and are continuing to infringe the SMC Content and the Assets, but nonetheless have continued their infringing conduct. Unless enjoined by the Court, Defendants intend to continue their course of infringing conduct, to wrongfully use, infringe upon and otherwise profit from the use of the SMC Show Copyrights and/or to induce others to do so.

4995031-4

65.     As a result, Defendants have engaged in copyright infringement pursuant to 17 U.S.C. § 101, *et seq*.

66.     Defendants' actions in continuing to exploit the materials protected by the SMC Show Copyrights after the expiration of the Contract were, and if continued, hereafter will be, committed willfully, intentionally and purposefully.

67.     Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(COMMON LAW TRADEMARK INFRINGEMENT)**
**(AGAINST BOTH DEFENDANTS)**

68.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 45 and paragraphs 46-51 as if fully set forth herein.

69.     Defendants, with knowledge of and with intentional disregard of Plaintiffs' rights, continue to advertise and promote goods and services using the SMC Mark.

70.     Defendants' acts constitute willful trademark infringement of Plaintiffs' exclusive rights in the SMC Mark, in violation of the common law of the State of New York.

71.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable SMC Mark. Unless Defendants are restrained from further infringement of the SMC Mark, Plaintiffs will continue to be irreparably harmed.

72.     Defendants' misconduct has injured Plaintiffs in an amount to be determined at trial and has caused, and if not restrained by this Court, will continue to cause, Plaintiffs serious and irreparable injury for which Plaintiffs have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## (BREACH OF CONTRACT)
## (AGAINST DEFENDANT BKFK)

73.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 45 as if fully set forth herein.

74.     The Contract is a valid agreement between A Squared and BKFK.

75.     The Contract was assigned to Genius, the parent company of A Squared.

76.     The Contract provides that BKFK must pay 10 percent of all gross sponsorship fee(s) received related to programs developed using the SMC Content.

77.     To date, Plaintiffs have not received any payment of any sum owed to them by BKFK.

78.     BKFK has breached its obligation under the Contract by, *inter alia*, failing to pay Plaintiffs 10 percent of all gross sponsorship fees it received related to the SMC Content.

79.     Plaintiffs have performed all of their obligations under the Contract.

80.     As a direct result of BKFK's breach of Contract, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than $425,000.

## SIXTH CLAIM FOR RELIEF
## (REPLEVIN)
## (AGAINST DEFENDANT BKFK)

81.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 45 as if fully set forth herein.

82.     In or about August of 2011, A Squared and BKFK entered into the Contract under which A Squared agreed to temporarily supply the Assets owned by it to BKFK in consideration of 10 percent of all gross sponsorship fee(s) BKFK received pursuant to the Contract.

83.     As a result of the Extension, the Contract remained in place through on or about December 31, 2014.

20

84.     Genius became the parent of A Squared in November 2013 and Genius was the assignee to the Contract effective as of November 2013.

85.     Plaintiffs have a general property interest in the Assets, and have remained the sole owner of the Assets at all relevant times.

86.     BKFK has retained control of the Assets, despite the expiration of the Contract and demands that the Assets be returned to Plaintiffs.

87.     Plaintiffs are entitled to immediate possession of the Assets, including but not limited to all creative assets provided to it under the Contract, and any derivative content and/or assets that Defendants have used on the Website, including but not limited to all Content Management System ("CMS") and CMS template files, source files, deployment files, image source files, EPS/Illustrator files, HTML files and all files related, in any way, to the Website architecture and Website analytics.

**SEVENTH CLAIM FOR RELIEF**
**(CONVERSION)**
**(AGAINST DEFENDANT BKFK)**

88.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 45 as if fully set forth herein.

89.     By virtue of the foregoing, BKFK has exercised unlawful dominion and control over the property of Plaintiffs. As a direct, proximate and foreseeable result of BKFK's tortious conduct, Plaintiffs have suffered damages in an amount to be determined at trial, but estimated to exceed $500,000.

**WHEREFORE**, Plaintiffs pray that the Court award the following relief, as follows:

1.     On the First, Second, Third and Fourth Causes of Action, for an injunction against Defendants, and their affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, and all persons, firms and/or corporations in privity, under

21

their control and/or in active concert or participation with Defendants, temporarily, preliminarily and permanently enjoining and restraining Defendants from:

    a. Imitating, copying, or making unauthorized use of the SMC Mark in any way whatsoever, including but not limited to displaying or otherwise featuring the SMC Mark on the BKFK website, www.bkfkeducation.com, or in any promotional or advertising materials created by or for Defendants;

    b. Continuing to operate, maintain or otherwise administer the Website;

    c. Manufacturing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any materials containing the SMC Mark;

    d. Using any trademark confusingly similar to the SMC Mark in connection with the manufacture, distribution, promotion, advertisement, display, sale, offering for sale, production, circulation or distribution of any materials or content in such manner as to relate or connect, or tend to relate or connect, such materials or content in any way with Plaintiffs or to any materials or content sold, sponsored, approved by, or connected with Plaintiffs.

    e. Causing actual confusion, a likelihood of confusion, and/or injury to Plaintiffs' goodwill, reputation and/or business success;

    f. Unfairly competing with Plaintiffs in any manner whatsoever;

    g. Imitating, copying, or making unauthorized use of the SMC Show Copyrights in any way whatsoever;

    h. Manufacturing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any materials or content containing the SMC Show Copyrights, or any derivatives thereof, or any materials bearing content that is

substantially similar to the SMC Show Copyrights;

i.   Using any material or content substantially similar to the SMC Show Copyrights in connection with the manufacture, distribution, circulation, sale, offering for sale, advertisement, promotion, display, or production, of any materials or content;

j.   Ordering that Defendants file with this Court and serve upon Plaintiffs within thirty (30) days following this Court's entry of any injunction in this action, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with such injunction; and

k.   Engaging in any other activity, including the effectuation of assignments or transfers of its interest in materials or content substantially similar to the SMC Show Copyrights and/or confusingly similar to the SMC Mark, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(j) above.

2.   On the First and Fourth Causes of Action, that Defendants be adjudged to have violated 15 U.S.C. § 1114(1)(A) and common law by infringing the SMC Mark;

3.   On the Second Cause of Action, that Defendants be adjudged to have unfairly competed with Plaintiffs in violation of 15 U.S.C. § 1125(a).

4.   On the Third Cause of Action, that Defendants be adjudged to have violated 17 U.S.C. § 101, *et seq*. by infringing the SMC Show Copyrights.

5.   On the First, Second, Third and Fourth Causes of Action, directing Defendants to account to Plaintiffs for any and all profits derived by Defendants from the use of the SMC Mark and the SMC Show Copyrights after the expiration of the Contract and wrongful acts;

23

6.      Requiring Defendants to account and pay over to Plaintiffs all profits and damages realized by their wrongful acts, pursuant to, *inter alia*, 17 U.S.C. § 504(b) and 15 U.S.C. § 1117;

7.      On the First and Second Causes of Action, directing that Plaintiffs' actual damages be trebled and that Defendants' profits resulting from Defendants' wrongdoing be enhanced, pursuant to 15 U.S.C. § 1117;

8.      On the Third Cause of Action, at Plaintiffs' election, awarding statutory damages in the maximum amount against each defendant for each infringement of the SMC Show Copyrights and inducement thereof, pursuant to 17 U.S.C. § 504(c);

9.      On the Fourth and Seventh Causes of Action, for damages in an amount to be determined at trial;

10.     On the Fifth Cause of Action, for damages to be determined at trial but exceeding $425,000;

11.     On the Sixth Cause of Action, for an order directing BKFK to immediately return all creative assets provided to it under the Contract, and any derivative content and/or assets that Defendants have used on the Website, including but not limited to all Content Management System ("CMS") and CMS template files, source files, deployment files, image source files, EPS/Illustrator files, HTML files and all files related, in any way, to the Website architecture and Website analytics, as well as the identity of any third parties administering the Website apart from Defendants;

12.     Directing that Defendants pay over to Plaintiffs its costs and reasonable attorneys' fees, pursuant to, *inter alia*, 15 U.S.C. § 1117 and 17 U.S.C. § 505;

13.     An award of interest, including pre-judgment on the foregoing damages;

4995031-4

14.     Ordering that the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

15.     An award to Plaintiffs of such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 2, 2019

                                        OLSHAN FROME WOLOSKY LLP


                                        By:    /s/Thomas J. Fleming
                                               _____
                                               Thomas J. Fleming
                                               Safia A. Anand
                                               *Attorneys for Plaintiff*
                                               1325 Avenue of the Americas
                                               New York, New York 10019
                                               (212) 451-2300
                                               tfleming@olshanlaw.com
                                               sanand@olshanlaw.com